UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its insureds Richard Carli and Marguerite Carli,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CNH INDUSTRIAL AMERICA LLC; ALFAGOMMA AMERICA INC.; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | No. 2:22-cv-02305 WBS KJN<br><br>MEMORANDUM AND ORDER RE: DEFENDANT AFLAGOMMA AMERICA, INC.'S MOTION TO DISMISS |

----oo0oo----

Plaintiff California Capital Insurance Company, as subrogee of its insureds Richard Carli and Marguerite Carli ("insureds"), brought this action against defendants CNH Industrial America LLC ("CNH Industrial") and Alfagomma America Inc. ("Alfagomma") in California Superior Court alleging claims for negligence and products liability.  (Docket No. 1.) Defendants removed the action to this court pursuant to 28 U.S.C.

1  § 1332.  (Id.)  Before the court is defendant Alfagomma's motion
2  to dismiss under Federal Rules of Civil Procedure 12(b)(2) and
3  12(b)(6).  (Docket No. 13.)  The court will first address the
4  motion under Rule 12(b)(2) and the issue of personal
5  jurisdiction.
6  	Due process requires that for a nonresident defendant
7  to be subject to the court's jurisdiction, the defendant must
8  "have certain minimum contacts with [the forum state] such that
9  the maintenance of the suit does not offend traditional notions
10 of fair play and substantial justice."  Int'l Shoe Co. v.
11 Washington, 326 U.S. 310, 316 (1945) (citation omitted).  The
12 strength of contacts required depends on which of the two
13 categories of personal jurisdiction a litigant invokes: general
14 jurisdiction or specific jurisdiction.  Ranza v. Nike, Inc., 793
15 F.3d 1059, 1068 (9th Cir. 2015) (citing Daimler AG v. Bauman, 571
16 U.S. 117, 126 (2014)).
17 	General jurisdiction exists where a corporation "is
18 fairly regarded as at home."  Goodyear Dunlop Tires Operations,
19 S.A. v. Brown, 564 U.S. 915, 924 (2011).  A corporation is
20 considered "at home" in its place of incorporation and its
21 principal place of business.  Daimler, 571 U.S. at 137.  A
22 corporation is also considered "at home" where its "affiliations
23 with the State are so continuous and systematic as to render [it]
24 essentially at home in the forum State.'"  Id. at 139 (internal
25 quotations and citation omitted).  However, general jurisdiction
26 does not arise "in every State in which a corporation engages in
27 a substantial, continuous, and systematic course of business."
28 Id. at 138.  Cf. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,

141 S. Ct. 1017, 1024 (2021) (explaining that because general jurisdiction "extends to any and all claims brought against a defendant . . . . [o]nly a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction") (citation and internal quotations omitted).

Specific jurisdiction, by contrast, exists when a case "arise[s] out of or relate[s] to the defendant's contacts with the forum." Daimler, 571 U.S. at 127 (citation and quotations omitted). To be subject to specific jurisdiction, "[t]he defendant . . . must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum State.'" Ford Motor Co., 141 S. Ct. at 124 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

The Ninth Circuit uses a three-prong test to determine whether specific jurisdiction exists: (1) "[t]he non-resident defendant must purposefully direct his activities" towards the forum state; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice . . ." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citation and internal quotations omitted).

Here, plaintiff fails to allege facts sufficient to establish either general or specific jurisdiction. Alfagomma is incorporated in Iowa and has its principal place of business in Iowa. (See Notice of Removal at 2 (Docket No. 1).) In the Complaint, plaintiff alleges that Alfagomma (1) sells and or distributes its products in every county in California and (2) "was in the business of constructing, designing, manufacturing,

3

assembling, distributing, and/or selling hydraulic components, including . . . the hydraulic system installed in the [tractor]."[1]  (Compl. ¶¶ 5, 7.)  Such allegations, without more, are insufficient to establish either general or specific personal jurisdiction in California.  See Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State" for purposes of specific jurisdiction); Daimler, 571 U.S. at 139 (a corporation's affiliations with the forum State must be "so continuous and systematic as to render [it] essentially at home" for purposes of general jurisdiction).

In the Opposition, plaintiff for the first time alleges a relationship between the original seller of the tractor, the supplier of the hydraulic system, and Alfagomma.  (Opp'n at 6 (Docket No. 14).)  Plaintiff contends that "[a]ny . . . Alfagomma entities should expect a product they sell to a global company would be sold and made available to sellers around the world, such as in California, in this case."  (Id.)  Ignoring the fact that these allegations are nowhere in the Complaint, plaintiff's contention that a "global company" would know its products would

---

[1] Alfagomma argues that the court lacks jurisdiction because Alfagomma has never engaged in business operations, advertised, or otherwise solicited business in California; is not registered to do business in California; does not pay California taxes; did not construct, design, manufacture, assemble, distribute, or sell the tractor or hydraulic system at issue; and did not place hydraulic system at issue into commerce.  (See Mot. at 3-4, 8-9 (Docket No. 13).)  Further, Alfagomma argues that "the [c]omplaint does not allege that Alfagomma sold this product -- the hydraulic system at issue -- directly or purposefully into California."  (Id. at 9) (emphasis in original).

be sold in California is insufficient to establish specific jurisdiction. See Schwarzenegger v, 374 F.3d at 802 (plaintiff must show that defendant "purposefully directed its activities toward California"). See also Asahi, 480 U.S. at 112 ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Finally, plaintiff alleges that the relationship between the original seller of the tractor, the supplier of the hydraulic system, and Alfagomma is sufficient to establish jurisdiction.[2] (Opp'n at 6-7.) The fact that the original seller of the tractor may be subject to the court's jurisdiction is insufficient to establish personal jurisdiction over Alfagomma. See Bristol-Myers Squibb Co v. Superior Court of Cal., 582 U.S. 255, 268 (2017) ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State.").

Plaintiff has failed to allege that Alfagomma is subject to either general or specific jurisdiction in California. Accordingly, this court lacks personal jurisdiction over Alfagomma, and must therefore grant the motion to dismiss.

---

[2] At oral argument, counsel for plaintiff asked the court for leave to conduct jurisdictional discovery in the form of ten interrogatories directed to discover the relationship between Alfagomma and the original seller before ruling on the moton. However, the information plaintiff purports to seek has already been provided in some detail in the Usuelli Declaration attached as Exhibit 1 to Alfagomma's motion. (See Mot., Ex. 1 ("Usuelli Decl.") (Docket No. 13-1).) The court therefore sees no purpose in permitting these interrogatories.

Because the court grants the motion under Rule 12(b)(2), it need not address whether the complaint should be dismissed as against Alfagomma under Rule 12(b)(6) for failure to state claims for negligence and products liability.  (<u>See</u> Mot. at 10-13.).

        IT IS THEREFORE ORDERED that defendant Alfagomma's motion to dismiss (Docket No. 13) be, and the same hereby is GRANTED.  Plaintiff has twenty days from the date of this Order to file an amended complaint, if it can do so consistent with this Order.

Dated:  April 4, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6